# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

EDWARD S. BLACKMAN                                          CIVIL ACTION

VERSUS                                                             15-368-SDD-RLB

JOSE A. BELLO, ET AL.

## RULING

Before the Court is Defendants, Jose A. Bello, UFL, Inc. d/b/a United Freight Logistics (hereinafter "UFL"), and New York Marine and General Insurance Company's (hereinafter "New York Marine") *Motion in Limine to Exclude Trial Testimony of Wallace Stanfill and Shael N. Wolfson, Ph.D.*[1]  The Motion is opposed.[2]

This is a personal injury suit arising out of a motor vehicle accident. In support of his diminished earning capacity claims, Plaintiff retained Wallace Stanfill, a certified Vocational Rehabilitation Counselor, and Shael N. Wolfson, Ph.D., an economist to provide opinion testimony.

Defendants do not challenge the qualifications of either Mr. Stanfill or Dr. Wolfson. Rather, Defendants move to exclude Stanfill on the grounds that his opinions are unreliable. Defendants further argue that if Stanfill's opinions are excluded on the grounds of reliability, Dr. Wolfson's loss calculations which are based upon Stanfill's future earnings opinions are likewise unreliable and, thus, must be excluded.

As an initial matter, the Court finds that Wallace Stanfill and Dr. Shael Wolfson are

---

[1] Rec. Doc. 40.
[2] Rec. Doc. 46.

qualified by knowledge, skill, experience, training, and education to give opinion testimony in their respective fields.

The Court rejects the Defendants' reliability challenge and will DENY the *Motion in Limine*[3] for the following reasons. It is undisputed that, at the time of the accident, the Plaintiff was employed by Toshiba International Corporation as a Shipping/Receiving Specialist. Based on the job's DOT[4] classification,[5] the Plaintiff's account of his job duties, and a Toshiba job description,[6] Stanfill found that the Plaintiff's past employment required him to function at the Medium to Heavy levels of physical exertion.[7] It is also undisputed that Stanfill performed a vocational assessment on the Plaintiff, reviewed the Plaintiff's medical records, and reviewed some past earnings records, as well.

Defendants argue that Stanfill's opinions are the product of unsubstantiated speculation and subjective beliefs. One of the foundational assumptions for Stanfill's future earnings opinions is the Plaintiff's physical limitations and restrictions. Defendants argue "there was no mention of any physical limitations of the Plaintiff identified by Plaintiff's treating physicians".[8] Practically speaking, it is premature for medical providers to comment on limitations and restrictions in a case such as this where the Plaintiff is a lumbar spine surgical candidate. If Stanfill's opinions are, as Defendants argue, "gleaned solely from the Plaintiff's self-serving representations",[9] this can be challenged on cross examination at trial. Likewise, Stanfill's assumption that the Plaintiff's continued

---

[3] Rec. Doc. 40.

[4] *Dictionary of Occupational Titles.* UNITED STATES DEPARTMENT OF LABOR, (4th ed. 1991).

[5] Rec. Doc. 40-3, DOT No. 222.387-050, Medium, SVP-5.

[6] which the Defendants characterize as an "unofficial job description". Rec. Doc. 40-1.

[7] Rec. Doc. 40-3. "[Plaintiff] has worked in primarily warehousing and shipping/receiving related occupations for most of his young life, performing tasks requiring the ability to function at the Medium to Heavy levels of physical exertion."

[8] Rec. Doc. 40-1.

[9] *Id.*

employment with Toshiba is "due to informal special accommodations by a sympathetic supervisor"[10] can likewise be challenged on cross examination.

Finally, Defendants argue that Stanfill's diminished earning capacity opinions are based, in part, upon erroneous assumptions regarding the nature of the Plaintiff's past wages. Defendants argue that Stanfill's opinions are unreliable because his "assessment is based upon the Plaintiff's past earnings inclusive of overtime."[11] Again, the efficacy of the basis used for the Plaintiff's earning capacity can be challenged on cross-examination.    "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[12] The bases of Stanfill's opinions, and thus the soundness or reliability of his conclusions, can be adequately challenged on cross examination.

Defendant urges exclusion of Wolfson's future wage loss opinions arguing that, although the calculations "may be scientifically precise", they are "simply not accurate" because derived from Stanfill's "flawed methodology".[13] For the same reasons set forth above, Wolfson's opinion can be adequately tested on cross-examination.

The Defendants *Motion in Limine*[14] is DENIED.

Signed in Baton Rouge, Louisiana on <u>December 20, 2016</u>.

<u>Shelly D. Dick</u>

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] Rec. Doc. 40-1.
[11] *Id.*
[12] *U.S. v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996).
[13] Rec. Doc. 47.
[14] Rec. Doc. 40.